IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUCEMY VELAZQUEZ, ARTURO TORRES-APONTE, and their conjugal partnership<br>Plaintiffs<br><br>v.<br><br>P.D.I. ENTERPRISES, INC., P.D.I. ENTERPRISES OF NEVADA, INC. and BACO DRUG CENTER, INC.<br>Defendants | CIVIL NO. 98-1865 (CCC)<br><br><u>Taxation of Costs</u> |

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is co-defendants P.D.I. Enterprises, Inc. and P.D.I. Enterprises of Nevada, Inc.'s (hereinafter collectively referred to as " P.D.I.") unopposed Bill of Costs (Docket No. 27).

On September 30, 1999, a partial judgment was entered dismissing the complaint filed against P.D.I. (Docket No. 25). As prevailing party, P.D.I. now seeks recovery of the following items of costs: (1) fees for exemplification and copies - $18.40; and (2) other costs - $177.24.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

Civil No. 02-2331 (CCC)                                                                                           Page -2-

      (5)    Docket fees under section 1923 of this title;

      (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Fees for Exemplification and Copies.** P.D.I. seeks recovery of $18.40 (184 copies X .10¢) for exemplification and copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." United States v. Davis, 87 F. Supp. 2d 82, 88 (D.R.I. 2000), citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter."

Civil No. 02-2331 (CCC)                                                                                         Page -3-

Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

In the case at bar, although P.D.I. failed to identify which documents were copied, the Clerk finds that the total claimed is reasonable, consistent with the nature of the case, as well as the number of documents filed and served. Therefor, recovery of the $18.40 paid by P.D.I. for photocopying expenses is allowed.

**Other Costs.** P.D.I. also claims the reimbursement of $177.24 for messenger services ($53.00) and legal research service ($124.24). Said reimbursement is disallowed in view of the Court's holding that "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) citing, Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992); In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993).

WHEREFORE, a total amount of $18.40 is taxed as costs to P.D.I. in the above-captioned case. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this ___ day of November, 2003.

s/cs:to ( )
attys/pts
in ICMS

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk